# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3603 | **DATE** | June 4, 2012 |
| **CASE TITLE** | Shuntay Shearer (#2011-0622038) vs. Hinton, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The trust fund account officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at the Cook County Jail. On the Court's motion, Harold Rosen, Wolin and Rosen, 55 West Monroe Street, Suite 3600, Chicago, IL 60603, 312-424-0600, is appointed to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rules 83.11(g). Counsel shall enter an appearance for Plaintiff by no later than 7/5/12. By 7/19/12, counsel shall file an amended complaint, if an amended complaint comports with counsel's obligations under Fed. R. Civ. P. 11. The current complaint is dismissed without prejudice to the submission of an amended complaint. The clerk shall mail a copy of the complaint to counsel. A status hearing is set for 7/24/12 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Shuntay Shearer, a detainee at the Cook County Jail, has filed suit under 42 U.S.C. § 1983 against Correctional Rehabilitation Workers ("CRW") Hinton and Sreeman, Superintendent Brandlen, and a dentist in Division 10 of the jail. Plaintiff states that he asked to be seen by a dentist on June 30, 2011 for a broken tooth. He says he was given pain medication but not an appointment with a dentist. After several months without seeing a dentist, Plaintiff filed a grievance in September 2011 and was seen by the Division 10 dentist in October 2011. The dentist allegedly was unable to fix or remove the tooth, and no further visits were scheduled. In December 2011, Plaintiff filed another grievance and was seen by the dentist in January 2012, who again determined that he could not pull the tooth and referred Plaintiff for dental care outside the facility. Plaintiff says, however, that he has yet to be seen by an outside dentist and continues to suffer severe pain.

The Court grants Plaintiff's motion for leave to file his complaint *in forma pauperis* and assesses an initial filing fee of $15.00. The trust fund account officer at Plaintiff's place of confinement is authorized to collect the partial filing fee from Plaintiff's account and pay it to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The Court determines pursuant to 28 U.S.C. § 1915A that Plaintiff has stated a colorable claim of deliberate indifference to his dental needs. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Berry v. Peterman*, 604 F.3d 435, 440-43 (7th Cir. 2010). It is unclear, however, how each of the Defendants was involved. A complaint must provide each defendant with sufficient notice of the claim alleged and the grounds

**STATEMENT**

upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff clearly alleges that he has been denied adequate dental treatment, but he does not describe how the defendants other than the unknown dentist were personally involved. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (defendant must be personally involved in alleged constitutional violaton to be liable).

Given the nature of Plaintiff's claims and the other factors the Court has noted, the Court appoints counsel for Plaintiff. Harold Rosen, Wolin and Rosen, 55 West Monroe Street, Suite 3600, Chicago, IL 60603, 312-424-0600, is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g). By 7/5/12, counsel should enter an appearance, and by 7/19/12, after communicating with Plaintiff, counsel should file an amended complaint, if counsel is able to do so in accordance with Fed. R. Civ. P. 11.