# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3603 | **DATE** | June 12, 2012 |
| **CASE TITLE** | Shuntay Shearer (#2011-0622038) vs. Hinton, et al. | | |

**DOCKET ENTRY TEXT**

Having learned that Plaintiff was recently discharged from custody, the Court vacates the appointment of counsel in its 6/4/12 order. The Court may revisit whether to appoint counsel if Plaintiff submits an amended complaint that can proceed forward. Attorney Harold Rosen need not enter an appearance or file any pleadings in this case at this time. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. Plaintiff must also submit, within 30 days, an updated *in forma pauperis* ("IFP") application so the Court can assess his current ability to pay the filing fee. His failure to comply with either directive will result in dismissal of this case. The Clerk is directed to send an amended complaint form and IFP application, along with a copy of this order and the Court's 6/4/12, order [4], to 225 Custer, Apt. 1E, Evanston, IL 60202. The clerk is also directed to send a copy of this order to Attorney Harold Rosen.

■[ For further details see text below.]                                                                Docketing to mail notices.

# STATEMENT

Plaintiff Shuntay Shearer filed this lawsuit in May 2012. He alleges that he received inadequate dental care for a broken tooth from June 2011 until he was released from Cook County Jail on June 1, 2012. When the Court prepared its prior order, Plaintiff was still incarcerated. Believing that Plaintiff was still not receiving dental care at the Jail, the Court appointed counsel largely to attempt to secure adequate dental attention for his condition. Because Plaintiff has been released, his need for dental care as a incarcerated person no longer exists. Upon further review of his complaint, the Court believes that Plaintiff should be able to put together an amended complaint on his own. Accordingly, the Court strikes its appointment of counsel and directs Plaintiff to submit an amended complaint in accordance with this order and the 6/4/12 order.

As noted in the Court's previous order, Plaintiff alleges that, on June 30, 2011, he requested to see a dentist for a broken tooth; he was given pain medication but no appointment; he eventually saw a dentist in October 2011 after he filed several grievances; but the dentist could not fix or remove the tooth and scheduled no further appointments. Plaintiff alleges that he eventually saw the dentist again in January 2011, after he filed grievances, and again the dentist determined that he could not extract the tooth. The dentist allegedly referred Plaintiff to a dentist outside the facility, but Plaintiff never saw an outside dentist.

Although deliberate indifference to a serious dental need can give rise to a valid legal claim, *see McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Berry v. Peterman*, 604 F.3d 435, 440-43 (7th Cir. 2010), the complaint leaves it unclear how each Defendant was involved. A complaint must state a viable federal claim and must also provide each defendant with sufficient notice of what he or she is alleged to have done. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 defendant named in his or her individual capacity must have been personally involved in some way with the alleged constitutional violaton to be liable).

Plaintiff names as Defendants Cook County Jail Correctional Rehabilitation Workers ("CRW") Hinton and Sreeman; Superintendent Brandlen; and an unnamed dentist in Division 10 of the Jail. The only Defendant

| STATEMENT |
|---|
| discussed in Plaintiff's description of his claims is the unknown dentist.  Unless Plaintiff indicates how each Defendant was involved, the defendants will have inadequate notice of what they are claimed to have done.  Accordingly, the Court dismisses the complaint and gives Plaintiff permission to submit an amended complaint that not only states a valid claim but also describes how each Defendant was involved.  If Plaintiff does not know the name of certain Defendants, he may refer to them as John Doe or Jane Doe.  Plaintiff's failure to submit an acceptable amended complaint will result in the dismissal of this case.<br><br>   In addition to submitting an amended complaint, Plaintiff must submit an updated IFP application as a nonprisoner. Because Plaintiff initiated this suit as an incarcerated person, the Prison Litigation Reform Act applies.  Plaintiff remains responsible for the initial partial filing fee of $15.00, but now he must provide the Court with his current financial and employment status so that the Court can assess his ability to pay the filing fee.  *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).<br><br>   The Clerk shall mail Plaintiff, at the home address he provided to the Court, an amended complaint and IFP form.  Plaintiff's failure to submit within 30 days of the date of this order both an acceptable amended complaint and an updated IFP application as a non-prisoner will result in the dismissal of this case.  The Court may revisit the appointment of counsel after Plaintiff complies with this order.  The Court expresses its appreciation to Attorney Harold Rosen for accepting appointment; however, his services are not needed at the present time. |